## Case No. 1,373.

BETTS v. FRANKLIN FIRE INS CO.

[Taney, 171.] [1]

Circuit Court, D. Maryland. Nov. Term, 1851.

FIRE INSURANCE —DUTY OF INSURED — DELIVERY OF PROOFS—FRAUD—MISTAKE —ERRONEOUS AFFIDAVIT—GOOD FAITH.

1. In an action on a policy of insurance, to recover for a loss of goods, sustained by fire: held, that the plaintiff was not entitled to recover, if he designedly, and with a fraudulent intent, withheld or delayed to deliver to the defendant, the necessary information, invoices, documents and proofs, or any of them.

2. Nor was he entitled to recover, if he was wilfully guilty of false swearing in his affidavit furnished to the defendant, or presented the affidavit of any other person, or made any statement to the defendant, knowing it to be false.

3. But that the omission to furnish the defendant with such information and documents, or delay in presenting them, or any of them, was no bar to the plaintiff's recovery, if such omission or delay were occasioned by loss of the papers, or by oversight, mistake or accident, and without fraudulent intention.

4. Nor was any error of fact contained in the plaintiff's affidavit, or in any other affidavit furnished by him, a bar to his recovery, if he acted in good faith, and believed the said affidavits, or other papers, to be true, when he furnished them to the defendant.

At law. This was an action instituted by the plaintiff [Royston Betts against the Franklin Fire Insurance Company of Philadelphia] on a policy of insurance on goods, to recover for damages sustained by fire.

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

The defendant's prayers, to which allusion is made in the instructions given by the court, are not to be found among the papers to the cause. [Judgment for plaintiff.]

C. F. Mayer, J. Nelson, and W. J. Ward, for plaintiff.

R. Johnson, St. George W. Teackle, Dobbins & Talbott, for defendant.

TANEY, Circuit Justice. The first and second instructions prayed for, were admitted by the plaintiff to be correct, and were given to the jury. The third, fourth and fifth are refused, and the court instruct the jury—

1. That the plaintiff is not entitled to recover, if he designedly, and with a fraudulent intent, withheld or delayed to deliver to the defendant, the information, invoices, documents and proofs, or any of them, mentioned in the defendant's prayers.

2. Nor is he entitled to recover, if he was wilfully guilty of false swearing in his affidavit furnished to the defendant, or presented the affidavit of any other person, or made any statement to the defendant, knowing it to be false.

3. But the omission to furnish the defendant with the information and documents above mentioned, or delay in presenting them, or any of them, is no bar to the plaintiff's recovery, if the jury find that such omission or delay was occasioned by the loss of the papers, and by oversight, mistake or accident, and without any fraudulent intention.

4. Nor is any error of fact contained in the plaintiff's affidavit, or in any other affidavit, furnished by him (if any such error is contained in them), any bar to the plaintiff's recovery, if he acted in good faith, and believed the said affidavits, or other papers, to be true, when he furnished them to the defendant.

Verdict and judgment for the plaintiff.